IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GWENZELLA PENNEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-663-GMS |
| | ) |
| NCCP, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Gwenzella Pennewell ("the plaintiff"), filed this lawsuit on May 23, 2014 pursuant to 42 U.S.C. § 1983 alleging constitutional violations. (D.I. 2.) She proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.

The plaintiff alleges that the defendants violated the constitutional rights of her son William Pennewell ("Pennewell") on May 24, 2012 when officers Doe 1 and Doe 2 kicked her son in the face and upper torso, tased him, and hit him with a night stick. Pennewell was taken to the hospital and placed in the intensive care unit. The court takes judicial notice that William H. Pennewell died on June 13, 2012, a victim of a homicide. *See* http://archive.delawareonline.com/article/20120902/NEWS01/110080003/Frequent-offender-becomes-victim (Aug. 26, 2014). The plaintiff seeks compensatory damages.

Having reviewed the allegations of the complaint, the court concludes that the plaintiff lacks standing as she is the not real party in interest. Courts are obligated to raise the issue of standing sua sponte. *See FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (courts have independent obligation to ensure that federal jurisdiction is present). The party invoking federal jurisdiction bears the burden of establishing the elements of standing.

*See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In addition, "a person does not have standing to vindicate the constitutional rights of a third party." *James v. York Cnty. Police Dep't*, 160 F. App'x 126, 131 (3d Cir. 2005) (unpublished) (*citing Barrows v. Jackson*, 346 U.S. 249, 255 (1953)).

Given the plaintiff's *pro se* status, she will be given leave to amend the complaint to name the real part in interest pursuant to Fed. R. Civ. P. 17(a). *See* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought: (A) an executor; (B) an administrator . . . ."). *See also, Bell v. Cumberland Cnty.*, 2012 WL 1900570 (D.N.J. 2012) (as administrator of her husband's estate, plaintiff has the authority to prosecute, manage and settle the case).

The plaintiff will be given leave to amend the complaint to name the real party in interest.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Sept 16, 2014
Wilmington, Delaware

2